UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN GRZESIK,

        Petitioner,

Case No. 2:18-cv-11710

HONORABLE STEPHEN J. MURPHY, III

v.

MATT MACAULEY,[1]

        Respondent.

                          /

**OPINION AND ORDER DENYING
PETITION FOR WRIT OF HABEAS CORPUS [1],
DENYING A CERTIFICATE OF APPEALABILITY, AND
<u>DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL</u>**

Petitioner Kevin Grzesik ("Grzesik") pleaded guilty to second-degree home invasion in violation of Mich. Comp. Laws § 750.110a(3), receiving and concealing stolen property of $1,000 or more but less than $20,000 in violation of Mich. Comp. Laws. § 750.535(3)(a), being a felon in possession of a firearm in violation of Mich. Comp. Laws § 750.224f, and possession of a firearm during the commission of a felony in violation of Mich. Comp. Laws § 750.227b. *See* ECF 8-6, PgID 111–25. In 2015, the trial court sentenced Grzesik to five to fifteen years imprisonment on the home invasion conviction, concurrent terms of one to five years imprisonment on the receiving and concealing stolen property and felon in possession of a firearm

---

[1] **Error! Main Document Only.**Petitioner Kevin Grzesik is currently confined at the Bellamy Creek Correctional Facility in Ionia, Michigan where Matt Macauley is the warden. Accordingly, the Court hereby amends the caption of the case to reflect the proper respondent.

1

convictions, and a consecutive term of two years imprisonment on the felony firearm conviction. ECF 8-9, PgID 162. In his pleadings, Grzesik raised claims concerning the validity of his sentence and the effectiveness of counsel at sentencing. ECF 1. For the reasons set forth, the Court will deny the habeas petition. The Court will also deny a certificate of appealability and leave to proceed in forma pauperis on appeal.

## BACKGROUND

Grzesik's convictions arise from a series of home invasions that occurred in Wayne County, Michigan in 2014. At a pre-trial hearing, he pleaded guilty to one count of second-degree home invasion, receiving and concealing stolen property ($1,000 to $20,000), felon in possession of a firearm, and felony firearm in exchange for the dismissal of the other charges and the habitual offender notice. ECF 8-6, PgID 118. The parties also agreed that his minimum sentence would be "within the guidelines," which they determined to be 50 to 100 months. *Id*. Grzesik signed a plea form reflecting the agreement.

At sentencing, the parties agreed that Offense Variable 2 should be increased from zero to five points. ECF 8-9, PgID 147. The parties did not discuss Offense Variable 9, but the presentence report recommended a score of ten points. After recalculating the guidelines, the parties agreed that the minimum sentencing guideline range should be 58 to 114 months, not 50 to 100 months. *Id*. at 150–152. The trial court then sentenced Grzesik to five to fifteen years imprisonment (60 to 180 months), with concurrent terms of one to five years imprisonment, and a consecutive term of two years imprisonment. *Id*. at 162.

2

After sentencing, Grzesik filed a delayed application for leave to appeal with the Michigan Court of Appeals and argued that he was (1) "sentenced on the basis of inaccurate information and in violation of his" due process rights, and (2) his "Sixth and Fourteenth Amendment rights were violated by fact finding which increased the floor of the permissible sentence." ECF 8-10, PgID 178, 184.

The court denied leave to appeal for lack of merit in the grounds presented. *People v. Grzesik*, No. 332999 (Mich. Ct. App. July 1, 2016). Grzesik then filed an application for leave to appeal with the Michigan Supreme Court, that was denied. *People v. Grzesik*, 500 Mich. 1000 (2017).

## LEGAL STANDARD

The Court may only grant habeas corpus relief to a state prisoner if a state court adjudicated his claims on the merits and the state court adjudication was "contrary to" or led to an "unreasonable application of" clearly established federal law. 28 U.S.C. § 2254(d)(1). "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at" a different result. *Mitchell v. Esparza*, 540 U.S. 12, 15–16 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000)).

A state court unreasonably applies Supreme Court precedent only when its application of precedent is "objectively unreasonable." *Wiggins v. Smith*, 539 U.S. 510, 520–21 (2003) (internal citations omitted). A merely "incorrect or erroneous" application is insufficient. *Id.* "A state court's determination that a claim lacks merit

3

precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 654 (2004)).

A federal court reviews only whether a state court's decision follows clearly established federal law as determined by the Supreme Court at the time when the state court renders its decision. *Greene v. Fisher*, 565 U.S. 34, 38 (2011). A state court need not cite or be aware of Supreme Court cases, "so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). Decisions by lower federal courts "may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)).

Last, the Court presumes the accuracy of a state court's factual determinations on federal habeas review. 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360–61 (6th Cir. 1998). Habeas review is also "limited to the record that was before the state court[.]" *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## DISCUSSION

Petitioner brings two claims. The Court will address each in turn.

I. <u>Scoring of the Guidelines and the Effectiveness of Counsel</u>

Grzesik first asserts that he is entitled to habeas relief because he was sentenced based upon inaccurate information because Offense Variables 2 and 9 of the state sentencing guidelines were improperly scored and defense counsel was

4

ineffective because he did not object to the scoring. ECF 1, PgID 5. Respondent contends that these claims lack merit.

Grzesik raised these claims on direct appeal in the state courts. *See* ECF 8-10, 8-11. The Michigan Court of Appeals denied leave to appeal for lack of merit and the Michigan Supreme Court ultimately denied leave to appeal in a standard order. *Id*. The state courts' denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.

A sentence imposed within the statutory limits is generally not subject to federal habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *see also Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). Claims that arise out of a state trial court's sentencing decision are not normally cognizable upon habeas review unless the petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001). Grzesik's sentences are within the statutory maximums for his offenses. *See* Mich. Comp. Laws. §§ 750.110a, 750.535(3), 750.224f, 750.227b. Consequently, his sentences are insulated from habeas review absent a federal constitutional violation.

As an initial matter, to the extent that Grzesik contests the trial court's scoring of certain offense variables under state law, he is not entitled to relief. A claim challenging the scoring of the offense variables of the state sentencing guidelines is not cognizable on federal habeas review because it is a state law claim. *See Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation

5

of state sentencing guidelines and crediting statutes is a matter of state concern only."). Alleged errors in scoring the offense variables and determining the sentencing guideline range do not warrant federal habeas relief.

A sentence may violate federal due process, however, if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct. *Townsend*, 334 U.S. at 741. To prevail on such a claim, a petitioner must show that the sentencing court relied upon the allegedly false information. *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984). Grzesik makes no such showing. He had a sentencing hearing before the trial court with an opportunity to contest the sentencing decision. *See* ECF 8-9. At that hearing, defense counsel agreed to the scoring of the offense variables and the minimum sentencing guideline range. The trial court sentenced Grzesik within the guidelines in accordance with his plea agreement. Thus, Grzesik failed to establish that the state court relied upon materially false or inaccurate information in imposing his sentences which he had no opportunity to correct. Habeas relief is not warranted on this claim.

Grzesik relatedly asserts that defense counsel was ineffective for failing to object to the scoring of the Offense Variables 2 and 9 and the guidelines during sentencing. The Sixth Amendment guarantees a criminal defendant the right to the effective assistance of counsel. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a two-prong test for determining whether a habeas petitioner has received ineffective assistance of counsel. First, a petitioner must prove

6

that "counsel's performance was deficient. This requires a showing that counsel made errors so serious that counsel was not functioning as 'counsel'" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. Second, a petitioner must establish that counsel's "deficient performance prejudiced the defense." *Id.*

To satisfy the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance." *Id.* at 690. A reviewing court's scrutiny of counsel's performance is highly deferential. *Id.* at 689. There is a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. The petitioner bears the burden of overcoming the presumption that the challenged actions were sound strategy.

As to the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome of the proceeding. *Id.* "On balance, the benchmark for judging any ineffectiveness claim must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Id.* at 686.

The Supreme Court has confirmed that a federal court's consideration of ineffective assistance of counsel claims arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance. "The standards created by *Strickland*

7

and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington*, 562 U.S. at 105 (internal and end citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

Here, assuming Grzesik can show that defense counsel was deficient for failing to object to the scoring of Offense Variables 2 and 9 (which Respondent concedes were incorrectly scored) at sentencing, he fails to establish that he was prejudiced by counsel's conduct. The trial court sentenced Grzesik to a minimum sentence of sixty months imprisonment. ECF 8-9, PgID 162. That sentence was within the both incorrect minimum range of 58 to 114 months agreed to by the parties at sentencing and within the correct minimum range of 50 to 100 months discussed at the plea hearing. *See* ECF 126. Thus, Grzesik offers no evidence to show that the trial court would have imposed a minimum sentence of less than sixty months imprisonment or that the alleged mistake had any impact on his sentence. His assertion that the trial court would have imposed a lesser sentence is speculative and conclusory.

Finally, if "one is left with pure speculation on whether the outcome of . . . the penalty phase could have been any different," there is an insufficient showing of prejudice. *Baze v. Parker*, 371 F.3d 310, 322 (6th Cir. 2004). Moreover, conclusory allegations are insufficient to warrant habeas relief. *See Cross v. Stovall*, 238 F. App'x 32, 39–40 (6th Cir. 2007). Given that the trial court imposed a sentence within the minimum guideline range in conformity with the plea agreement and there is no

evidence in the record that the court would have been inclined to impose a lesser sentence, Grzesik failed to affirmatively show that he was prejudiced by counsel's conduct at sentencing. He thus failed to establish that counsel was ineffective under the *Strickland* standard. Habeas relief is not warranted on this claim.

II. <u>Validity of Sentence Under the Sixth Amendment</u>

Grzesik also asserted that he is entitled to habeas relief because the trial court violated his Sixth and Fourteenth Amendment rights by relying upon facts in sentencing that he did not admit and were not proven beyond a reasonable doubt. ECF 1, PgID 7. Respondent contends that this claim lacks merit.

Grzesik raised this claim on direct appeal in the state courts. The Michigan Court of Appeals denied leave to appeal for lack of merit and the Michigan Supreme Court ultimately denied leave to appeal in a standard order. *See* ECF 8-10. The state courts' denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.

The sentencing claim arises from the Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004); and *Alleyne v. United States*, 570 U.S. 99 (2013). In *Apprendi*, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. In *Blakely*, the Supreme Court clarified "that the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in

9

the jury verdict or admitted by the defendant." *Blakely*, 542 U.S. at 303. In *Alleyne*, the Supreme Court extended *Apprendi* to mandatory minimum sentences, ruling that any fact that increases a mandatory minimum sentence is an "element" of the offense that must be submitted to the jury and proven beyond a reasonable doubt. *Alleyne*, 570 U.S. at 111–12.

In *People v. Lockridge*, 498 Mich. 358 (2015), the Michigan Supreme Court held that, under *Alleyne*, the Michigan sentencing guidelines violate the Sixth Amendment because the guidelines "*require* judicial fact-finding beyond facts admitted by the defendant or found by the jury to score offense variables (OVs) that *mandatorily* increase the floor of the guidelines minimum sentence range." *Lockridge*, 498 Mich. at 364 (emphasis in original). The Michigan court's remedy was to make the guidelines advisory. *Id*. at 391–92. The Sixth Circuit has since issued a decision that agreed with *Lockridge* and ruled that *Alleyne* clearly established that Michigan's pre-*Lockridge* mandatory minimum sentencing guidelines scheme violated the Sixth Amendment. *Robinson v. Woods*, 901 F.3d 710, 716–18 (6th Cir. 2018). The Sixth Circuit explained that "[a]t bottom, Michigan's sentencing regime violated *Alleyne'*s prohibition on the use of judge-found facts to increase mandatory minimum sentences." *Id*. at 716. The Court is bound by the Sixth Circuit's decision.

Here, Grzesik was sentenced on June 11, 2015, ECF 8-9, while *Lockridge* was not decided until July 29, 2015. *Lockridge*, 498 Mich. at 358. Consequently, the Michigan sentencing guidelines were still mandatory at the time of Grzesik's

10

sentencing. But *Alleyne* was decided on June 17, 2013. *Alleyne*, 570 U.S. at 99. *Alleyne* was thus clearly established law before Grzesik's convictions and sentences.

But Grzesik is not entitled to habeas relief on this claim because the mandatory or advisory nature of the guidelines did not affect his sentencing—his plea agreement did. As part of his plea deal, Grzesik agreed to a sentence within the guidelines, *see* ECF 8-6, and he was sentenced within the guideline range, *see* ECF 8-9. Whether the trial court perceived the guidelines to be mandatory or advisory did not affect the scoring of the offense variables, the sentencing guideline range, or the sentence imposed. *See, e.g.*, *Fusion v. MacLaren*, No. 15-cv-10089, 2017 WL 3727105 at *6–7 (E.D. Mich. Aug. 30, 2017) (collecting cases); *see also People v. Faher*, No. 328285, 2016 WL 6127902 at *4 (Mich. Ct. App. Oct. 18, 2016) (If a "court imposes a sentence pursuant to the terms of a plea agreement bargained for and accepted by the defendant, the sentence is not affected by the court's perception of the mandatory or advisory nature of the sentencing guidelines; thus the constitutional concerns underpinning *Lockridge* and *Alleyne* are not implicated."). Grzesik's sentence arose directly from the plea agreement. By agreeing to a sentence within the guidelines as part of his plea deal, he waived any constitutional challenge under *Alleyne*. Habeas relief is not warranted on this claim.

III. <u>Certificate of Appealability and In Forma Pauperis Status on Appeal</u>

To appeal the Court's decision, Grzesik must obtain a certificate of appealability. To obtain a certificate of appealability, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

11

Thus, Grzesik must show that reasonable jurists could debate whether the Court should have resolved the petition in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Here, jurists of reason would not debate the Court's denial of these claims. The Court will therefore deny a certificate of appealability.

The Court will also deny Grzesik leave to appeal in forma pauperis because he cannot take an appeal in good faith. *See* 28 U.S.C. § 1915(a)(3).

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Petitioner's petition for a writ of habeas corpus [1] is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that leave to proceed in forma pauperis on appeal is **DENIED**.

**SO ORDERED.**

                                        s/ Stephen J. Murphy, III
                                        STEPHEN J. MURPHY, III
                                        United States District Judge

Dated: January 28, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 28, 2021, by electronic and/or ordinary mail.

                                        s/ David P. Parker
                                        Case Manager